## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

Target Corporation,

Court File No. _____

                              Plaintiff,

vs.                                                **COMPLAINT**

All Jersey Janitorial Service, Inc.,               <u>JURY TRIAL DEMANDED</u>

                              Defendant.

COMES NOW Plaintiff, by and for its cause of action, states and alleges as follows:

### JURISDICTION AND VENUE

1.      Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over a civil action when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

2.      Plaintiff, Target Corporation, ("Target") is and was at all times material a Minnesota corporation doing business in the state of Minnesota with a registered business address of 1000 Nicollet Mall, Minneapolis, MN 55403.

3.      Defendant, All Jersey Janitorial Service, Inc. ("All Jersey") is a citizen of the State of New Jersey with a registered business address of 1719 Ginesi Drive, Freehold, New Jersey 07728.

4.      This claim arises from Defendant's refusal to pay owed amounts totaling $389,719.05 to Target Corporation (Target) through Sedgwick, under a contract executed on or before August 15, 2005.

5.      This court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6.      The Building Services Service Agreement ("Agreement") between Defendant and Target outlines the governing choice of law and jurisdiction for the resolution of disputes:

**Governing Law.** This Agreement and performance hereunder shall be governed in all respects for the laws in the State of Minnesota. Contractor and Target hereby agree that any legal action or proceeding involving this Agreement may be brought in the courts of the State of Minnesota or the United States of America, District of Minnesota, and by execution and delivery of this Agreement, Contractor and Target hereby accept for themselves and in respect of their property in the jurisdiction of the aforesaid courts.

As such, venue in the United States District Court, District of Minnesota and the Fourth Division is proper.

<h2 align="center">PARTIES</h2>

7.     Plaintiff is and was at all times material a Minnesota corporation doing business in the state of Minnesota with a registered business address of 1000 Nicollet Mall, Minneapolis, MN 55403.

8.     Defendant is a Corporation with a registered business address of 1719 Ginesi Drive, Freehold, New Jersey 07728.

<h2 align="center">FACTUAL ALLEGATIONS</h2>

<h3 align="center">Claims paid by Plaintiff</h3>

9.     On or before August 15, 2005, Defendant entered into the Agreement with Target to provide Housekeeping Services at various stores.

10.    Target paid and continues to pay workers' compensation claims for injuries arising out of the services performed by Defendant on behalf of the following employees:

   a.     On March 12, 2006, Diana Arango slipped and fell while working at the Edgewater, New Jersey Target store. At that time she was putting away clothes, when she slipped and fell on a waxed floor. As a result of her fall, she alleges sustaining a left knee posterior horn tear of the medial meniscus and a left shoulder partial rotator cuff tear. She subsequently underwent a total left knee replacement and left shoulder arthroscopic surgery. Target has paid workers' compensation benefits and expenses to date in the amount of $279,142.45.

2

b.    On May 31, 2007, Beverly Hightower slipped and fell at the Target store in College Point Queens, New York. As a result of the fall, she alleged injuries to her left knee, left shoulder and left hand. She settled her workers compensation claim for $75,000.00. Target received a $25,000.00 as part of its subrogation lien from Ms. Hightower's personal injury action. However, pursuant to the Agreement with Defendant, Target is entitled to recoup the remaining $50,000.00 from Defendant along with expenses of $4,221.89.

c.    On April 21, 2009, Marva Lewis slipped and fell at a Target store in Brooklyn College New York. Ms. Lewis slipped and fell on a puddle of water that was on the floor where the cleaning crew was waxing. She sustained a right ankle injury. Target has paid workers' compensation benefits and expenses to date in the amount of $10,882.96.

d.    On June 2, 2009, Delilah Giddings slipped and fell at a Target store in Plymouth Meeting, PA, when she slipped and fell on water from a cleaning machine. Ms. Giddings fell in a twisting motion, hitting her knee first and then landing on her buttocks. She was eight months pregnant at that time. She alleges sustaining knee and buttock contusions and experiencing early contractions. Target has paid workers compensation benefits and expenses to date in the amount of $5,589.22.

e.    On July 28, 2009, Lynda Russo fell at Target store in Pennsylvania, when she slipped and fell on tile hurting her back, elbow and wrist. Defendant's employees had cleaned the carpet in the area where she fell. While the tile in front of the carpet was not wet, the carpet leading onto the tile was wet. Target has paid workers' compensation benefits and expenses to date in the amount of $31,868.08.

f.    On March 7, 2010, Michilene Hackett slipped and fell while walking through an area cleaned by Defendant at a Target store in Wilmington, DE. She alleges slipping on water which caused her to fall back, hitting her arm on shelves. She alleged a right wrist sprain as a result of the incident. Target has paid $4,701.00 in workers compensation benefits and expenses to date.

11.    Paragraph 11 of the Agreement provides for indemnifications in favor of Target

as follows:

> **Indemnification.** Except as provided herein, Contractor agrees to assume responsibility for all injuries or damages to persons or property which relate to or arises out of Contractor's performance of Services, Contractor's failure to perform its obligations under this Agreement, or the negligence or wrongful acts of Contractor or its agents or employees. Contractor, to include his agents,

3

servants, employees, assigns, independent contractors, or anyone else retained by Contractor for the performance of Contractor's obligations under this Agreement, shall defend, indemnify and hold harmless Target and its agents and employees, from and against (1) any and all claims, suits, losses, damages, judgments or expenses (including attorney's fees incurred in responding to claims or suits) which relate to, arise out of, or are asserted or incurred as a result of, Contractor's performance of Services, Contractor's failure to perform its obligations under this Agreement, or the negligence or wrongful acts of Contractor or its agents or employees; and (2) any claims made by Contractor's employees arising out of performance of Services; provided, however, that the foregoing indemnity obligations shall not apply to any injury, damage or loss caused by the sole negligence of Target. The obligations under this paragraph shall survive the termination of this Agreement.

Contractor shall, at its expense, be responsible for the defense of any claims or suits for which it is obligated to indemnify Target and shall, in connection with such defense, provide Target with counsel reasonably satisfactory to Target. Target shall have the right, at its option and at its own expense, to defend (with or without Contractor) any such actions, claims, demands, and suits. Target shall cooperate with Contractor, as Contractor reasonably requires, in such defense. Upon request, Contractor shall advise Target of the current status of any action, claim, demand or suit being defended by Contractor in accordance herewith. Target shall have the right, at its option and at its own expense, to defend (with or without Contractor) any such actions, claims, demands or suits.

In addition to its right to seek contribution and/or indemnification for losses resulting from the negligence of Defendant's employees and/or contractors, Paragraph 11 of the Agreement requires that Defendant indemnify and hold harmless Target for any and all claims, suits which relate to, arise out of, or are asserted or incurred as a result of, Contractor's performance of Services regardless of whether Defendant was negligent.

12.     Plaintiff is entitled to recover from Defendant because the Agreement also requires that Defendant carry insurance that covers the indemnity section of the policy and that Target be named as an additional insured. Paragraph 13 of the Agreement states:

**Insurance.** Contractor shall maintain, at Contractor's expense, the following insurance:

> Commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence and $2,000,000 general aggregate per location. Such insurance shall provide coverage for completed operations and Contractor's indemnification obligations set forth in this Agreement.

13.   During the time period of the Agreement between Target and Defendant, Target paid the following losses which occurred as a result of Defendant's performance of services:

| Team Member | Amount |
| --- | --- |
| Diana Arango | $279,142.45 |
| Beverly Hightower | $54,221.89 |
| Marva Lewis | $10,882.96 |
| Delilah Giddings | $5,589.22 |
| Lynda Russo | $31,868.08 |
| Michilene Hackett | $4,701.00 |
| TOTAL: | $386,405.60 |

14.   To date, Plaintiff has not received payment for these claims.

## COUNT I
## INDEMNITY

15.   Plaintiff restates and realleges Paragraphs 1 through 14 as if fully set forth herein.

16.   Plaintiff incurred expenses related to the workers compensation claims of the above mentioned employees in the amount of $386,405.60 and continuing.

17.   Plaintiff has a right to common law, and contractual indemnity for all benefits incurred as a result of the above referenced claims.

## COUNT II
## BREACH OF CONTRACT

18.   Plaintiff restates and realleges Paragraphs 1 through 17 as if fully set forth herein.

5

19.     Plaintiff paid $386,405.60 for workers' compensation claims arising out of work performed by Defendant.

20.     Defendant is liable to Plaintiff for breach of contract for failure to compensate for claims paid in the amount of $386,405.60, plus interest, as is required under the Agreement.

**COUNT III**
**SUBROGATION**

21.     Plaintiff restates and realleges Paragraphs 1 through 20 as if fully set forth herein.

22.     That as a direct and proximate result of Defendant's negligence, breach of contract, or other wrongful conduct related to the claims identified in Paragraphs 10 and 13 above, Plaintiff was required to pay workers compensation benefits in the amount of $386,405.60.

23.     That Plaintiff is entitled to both common law and statutory subrogation as all rights, claims and causes of action.

24.     That as result of Defendant's wrongful conduct, including negligence and breach of contract, Plaintiff is entitled to recover any and all workers compensation benefits paid to the individuals identified in Paragraphs 10 and 13 of Plaintiff's Complaint, and any and all other damages allowable under the applicable law.

WHEREFORE, Plaintiff Target prays for judgment:

1.     Declaring Defendant All Jersey Janitorial Service, Inc., breached its contract with Plaintiff's Assignor, Target Corporation;

2.     Awarding Plaintiff $386,405.60 plus interest, costs, disbursements, and attorneys' fees; and

3.     Awarding Plaintiff such other and further relief as the Court deems just and equitable.

Dated: _____8/24/2011_____

JOHNSON & CONDON, P.A.

_____
Robert E. Kuderer (#207652)
Matthew M. Johnson (# 27723X)
Attorneys for Target Corporation
7401 Metro Boulevard, Suite 600
Minneapolis, MN 55439-3034
(952) 831-6544

898227.doc